Jin v. Holder

BIA
Nelson, IJ
A087 446 531

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand thirteen.

PRESENT:
>        GUIDO CALABRESI,
>        REENA RAGGI,
>        RAYMOND J. LOHIER, JR.,
>            *Circuit Judges.*

_____

LONG JIN,
>        *Petitioner,*

>        v.                                     12-161
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Long Jin, *Pro Se*, Flushing, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Kohsei Ugumori, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Long Jin, a native and citizen of the People's Republic of China, seeks review of a December 16, 2011 decision of the BIA affirming the February 4, 2010 decision of an Immigration Judge ("IJ"), which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Long Jin*, No. A087 446 531 (B.I.A. Dec. 16, 2011), *aff'g* No. A087 446 531 (Immig. Ct. N.Y. City Feb. 4, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the decision of the IJ as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Jin does not challenge the IJ's

pretermission of his asylum application as untimely, we consider only withholding of removal and CAT relief.

For applications such as Jin's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably based her credibility finding on Jin's inconsistent testimony and inconsistencies between his testimony and his documentary evidence. Indeed, the record reflects that: (1) Jin's testimony that he stopped receiving salary payments in 2003 was contrary to his later testimony that the payments had stopped in 2001 and 2004,

3

and also contrary to his statement in his asylum application that his salary was first withheld in 2004; (2) Jin's testimony that 380 individuals, 200 of whom were workers, attended the first protest he organized was contrary to his asylum application statement and his wife's letter, which stated that 80 *workers* attended the protest; and (3) Jin's testimony that he was dismissed on May 2, 2005, was contrary to his testimony and his statement in his asylum application that he was dismissed on March 17, 2005, after his second detention.

The IJ also reasonably relied on omissions from Jin's asylum application of any mention that he had been beaten during his first police detention and that he had been suspended after that detention, and on his failure to testify about the complaints he filed against his company, which he mentioned in his asylum application. *See Xiu Xia Lin,* 534 F.3d at 167 (providing that an IJ may support an adverse credibility determination with "*any* inconsistency or omission").

The IJ was not required to credit Jin's explanations for these inconsistencies and omissions. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (providing that

the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).  Jin's explanations regarding the number of protesters did not explain his testimony that only 200, not 380, workers attended the first protest he organized, and his explanation that he was confused when he first testified that his salary payments stopped in 2003 did not explain why he later changed his testimony twice.  Because the IJ's assessment of Jin's demeanor as hesitant and non-responsive is supported by these "specific examples of inconsistent testimony," we also defer to that finding.  *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

The IJ also reasonably afforded minimal weight to the letters Jin submitted from his wife and his colleague because his wife's letter was written by an interested party, not notarized, and conflicted with his testimony regarding the number of protesters, and his colleague's letter conflicted with his testimony that both workers and their spouses attended the first protest.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight to be accorded to documentary evidence lies largely within the IJ's discretion).  Given

the discrepancies between Jin's application and testimony, the IJ reasonably relied on the lack of reliable corroboration as further bearing on his credibility. *Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

Based on the inconsistencies, omissions, and lack of corroboration to rehabilitate Jin's testimony, as well as the agency's demeanor finding to which we defer, the adverse credibility determination is supported by substantial evidence. Because the only evidence of a threat to Jin's life or freedom, or that he was likely to be tortured, depended upon his credibility, the adverse credibility determination in this case precludes success on his claims for both withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk